UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Albert Robertson and Frances Robertson, )<br>William J. Garrity, III and Garrity Ventures, )<br>LLC, on behalf of themselves and others )<br>similarly situated, )<br>)<br>        Plaintiffs, )<br>)<br>)<br>vs. )<br>)<br>Sea Pines Real Estate Companies, Inc., a/k/a )<br>The Sea Pines Real Estate Co.; Coastal )<br>Homes and Land, Inc. a/k/a Coastal Homes )<br>& Land Realty; Collins Group Realty, Inc.; )<br>Engard Rental Company, LLC a/k/a Engard )<br>Real Estate Co.; Bruce A. Goff, Inc; )<br>Daufuskie Island Resort Realty, LLC; )<br>Searchlight Realty, Inc. a/k/a Searchlight )<br>Realty; Gateway Realty, LLC; Hilton Head )<br>Luxury Properties, Inc. a/k/a Prudential )<br>Premier Island Properties; Charter 1 Realty )<br>& Marketing; The William F. Hilton )<br>Company a/k/a William F. Hilton Realty; )<br>E.G. Robinson, III and Associates Realtors, )<br>Inc. a/k/a E.G. Robinson Real Estate; Gina )<br>Scott Realty; Lancaster Resort Rentals and )<br>Sales, Inc. a/k/a Lancaster Resort Sales; )<br>Ingram, Thompson & Assoc., Inc.; Julie )<br>Toon Pawley Real Estate Broker, Inc.; and )<br>CRG Properties, Inc. a/k/a Carolina Realty )<br>Group, Inc., )<br>)<br>        Defendants. )<br>) | Case No. 9:10-CV-00095-SB |

**FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION
SETTLEMENT AND DISMISSING CLASS ACTION WITH PREJUDICE**

WHEREAS, Plaintiffs and the Settling Defendants entered into a Stipulation of Settlement dated January 28, 2013, together with related exhibits (collectively, the "Stipulation of Settlement"), which is filed of record and is incorporated herein by reference, to settle this class action;

WHEREAS, the Court entered an Order signed February 12, 2013 (the "Preliminary Approval Order"), preliminarily certifying the putative class in this action for settlement purposes; ordering notice to potential class members; providing those persons with an opportunity either to exclude themselves from the settlement class or to object to the proposed settlement; and scheduling a Fairness Hearing;

WHEREAS, the Court held a Fairness Hearing on June 11, 2013, to determine whether to give final approval to the proposed settlement; and

WHEREAS, the Settling Parties have complied with the Preliminary Approval Order and the Court is of the opinion that the Stipulation of Settlement is fair, adequate, and reasonable, and that it should be approved.

NOW THEREFORE, based on the submissions of the parties and Class Members, any objections, the testimony adduced at the Fairness Hearing, the pleadings on file, and the argument of counsel, the Court hereby finds, and it is hereby ORDERED, ADJUDGED AND DECREED, as follows:

1.    **Incorporation of Defined Terms**.  Except where otherwise noted, all capitalized terms used in this Order shall have the meanings set forth in the Stipulation of Settlement.

2.    **Jurisdiction**.  The Court has personal jurisdiction over all Class Members and has subject matter jurisdiction over this action, including, without limitation, jurisdiction to approve the proposed settlement, to grant final certification of the Class, to settle and release all claims

2

arising out of the transactions alleged in Plaintiffs' complaint or the Released Claims and Transactions, and to dismiss this action on the merits and with prejudice.

3.    **Final Class Certification**.    The following Class, previously certified preliminarily by the Court in its Preliminary Approval Order, is hereby finally certified for settlement purposes under Federal Rule of Civil Procedure 23:

> All individuals or businesses that purchased defendants' real-estate brokerage services in connection with the sale of a home or lot in the MLS Service Area from January 14, 2006 through September 17, 2007.

Excluded from the Class are any present or former officers, directors, agents, and/or employees of the Defendants and/or any person who makes a timely election to be excluded from the proposed Class.

4.    **Opt-Outs**.    A list of those persons who have excluded themselves from the Class (opt-outs), and who therefore are not bound by this Order and the accompanying Final Judgment, is attached hereto as Appendix "B", which is incorporated herein and made a part hereof for all purposes.

5.    **Adequacy of Representation**.    The appointment of Goldman Scarlato Karon & Penny P.C. as Lead Counsel for the Class, and the appointment of Plaintiffs Albert Robertson and Frances Robertson, William J. Garrity, III and Garrity Ventures, LLC as the Class representatives, is fully and finally confirmed.  The Court finds that Lead Counsel and Plaintiffs have fully and adequately represented the Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23(g).

6.    **Class Notice**.    The Court finds that the distribution of the Settlement Class Notice, in accordance with the terms of the Stipulation of Settlement and this Court's

Preliminary Approval Order, and as explained in the declarations filed before the Fairness Hearing:

**(a)** constituted the best practicable notice to Class Members under the circumstances of this action;

**(b)** was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this class action, (ii) their right to exclude themselves from the Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the settlement class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Class's representation by Plaintiffs or Lead Counsel, the negotiated attorneys' fees and expenses to Lead Counsel, and/or the incentive awards to Plaintiffs), (iv) if they did not exclude themselves from the Class, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and (v) the binding effect of the orders and Final Judgment in this action, whether favorable or unfavorable, on all persons who do not request exclusion from the Class;

**(c)** was reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice, and

**(d)** fully satisfied the requirements of the Due Process Clause of the United States Constitution, the Federal Rules of Civil Procedure, the Rules of this Court, and any other applicable law.

7.    **Final Settlement Approval.**  The terms and provisions of the Stipulation of Settlement, including all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, **Plaintiffs** and the Class Members and in full compliance with all applicable

requirements of the Federal Rules of Civil Procedure and any other applicable law. The Settling Parties and Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions, and all objections to the Stipulation of Settlement are overruled.

8.    **Binding Effect**. The terms of the Stipulation of Settlement and of this Order and the accompanying Final Judgment shall be forever binding on **Plaintiffs** and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this action or are otherwise encompassed by the Release described in the next paragraph of this Order.

9.    **Release**. The Release contained in Section IV of the Stipulation of Settlement, and which is also set forth in full in Appendix "A" hereto, is expressly incorporated herein in all respects, is effective upon the Final Settlement Date, **shall operate as a full and final general release of all claims raised by the Complaint,** and forever discharges the released parties from any claims, liabilities, **issues or matters** arising from or related to the Released Claims and Transactions.

10.    **Permanent Injunction**. All Class Members who have not timely excluded themselves from the Class (and therefore are not listed on Appendix "A" hereto) are hereby permanently barred and enjoined from (a) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit or proceeding in any jurisdiction based on or relating to the

claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims and Transactions, and (b) organizing or soliciting the participation of any Class Members in a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit or other proceeding based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims and Transactions. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over this action and to protect and effectuate the Court's Final Judgment.

11.    **Enforcement of Settlement**.  Nothing in this Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

12.    **Attorneys' Fees and Expenses, and Incentive Award**.  The separately negotiated attorney's fees and expenses in the amount of $197,500.00, as well as the incentive awards for Plaintiffs in the amounts of $5,000.00 in total to Albert Robertson and Frances Robertson and $1,000.00 in total to William J. Garrity, III and Garrity Ventures, LLC are approved.

13.    **No Other Payments**.  The preceding paragraph of this Order covers, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Lead Counsel or any other counsel representing Plaintiffs or Class Members, or incurred by Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to this action, the settlement of this action, the administration of such settlement, and/or the Released Claims and Transactions except to the extent otherwise specified in this Order and the Stipulation of Settlement.

**14.    Modification of the Stipulation of Settlement.**    The parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Stipulation of Settlement as are consistent with this Order and do not limit the rights of Class Members under that agreement.

**15.    Retention of Jurisdiction.**    The Court has jurisdiction to enter this Order. Without in any way affecting the finality of this Order, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Stipulation of Settlement and of this Order, including, without limitation, for the purpose of:

(a)    enforcing the terms and conditions of the Stipulation of Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Stipulation of Settlement, this Order or the Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member; whether claims or causes of action allegedly related to this case are or are not barred or released by this Order and the Final Judgment, etc.);

(b)    entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Order and the Stipulation of Settlement, or to ensure the fair and orderly administration of the settlement; and

(c)    entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

**16.    No Admissions.**    Neither this Order, nor the Stipulation of Settlement (nor any other document referred to herein, nor any action taken to negotiate, effectuate and implement the Stipulation of Settlement) is, may be construed as, or may be used as an admission or concession by or against the Settling Defendants as to the validity of any claim or any actual or

7

potential fault, wrongdoing or liability whatsoever. Additionally, neither the Stipulation of Settlement nor any negotiations, actions, or proceedings related to it, shall be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except to enforce the provisions of this Order and Final Judgment and the Stipulation of Settlement; provided, however, that this Order, the accompanying Final Judgment and the Stipulation of Settlement may be filed and used in any action against or by the Settling Defendants to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

17.    **Dismissal of Action**. This action, including all of the individual and Class claims included therein, is hereby dismissed on the merits and with prejudice against Plaintiffs and all other Class Members, without fees or costs to any party except as otherwise provided in this Order and the Final Judgment.

18.    **Separate Judgment**. The Court will separately enter the accompanying Final Judgment.

Signed this 11 day of June, 2013.

Charleston, So. Car.

Hon. Sol. Blatt, Jr.

U. S. District Judge

8

### APPENDIX "A":

### DEFINITIONS AND RELEASE

Except where otherwise indicated, all capitalized terms used in the attached Order and in this Appendix "A" shall have the meanings set forth below.

**I.    DEFINITIONS**

      **A.    Attorneys' Fees and Expenses.** The term "Attorneys' Fees and Expenses" shall mean the sum of funds separately negotiated between Plaintiffs' Counsel and Defendants' Counsel in light of the work done and expenses incurred to date.

      **B.    Class.** The "Class" for purposes of this settlement is defined as:
All individuals or businesses that purchased defendants' real-estate brokerage services in connection with the sale of a home or lot in the MLS Service Area from January 14, 2006 through September 17, 2007.

Excluded from the Class are any present or former officers, directors, agents, and/or employees of the Defendants and/or any person who makes a timely election to be excluded from the proposed Class.

      **C.    Class Member or Members.** The terms "Class Member" or "Class Members" shall mean members of the proposed Class who do not make a timely election to be excluded from the proposed Class.

      **D.    Complaint.** The term "Complaint" shall mean the Complaint filed by Plaintiff in this Lawsuit on January 14, 2010.

      **E.    Court.** The term "Court" shall mean the United States District Court for the District of South Carolina, which is the court in which the Lawsuit is pending.

      **F.    Defendants' Counsel.** The term "Defendants' Counsel" shall refer to the McNair Law Firm, P.A.

A-1

G.    **Final Order and Judgment**.    The term "Final Order and Judgment" shall mean (i) the Order of the Court finally approving this Settlement Agreement and (ii) the corresponding Final Judgment, substantially in the form and substance as Exhibits 3 and 4.

H.    **Final Settlement Date**.    The term "Final Settlement Date" shall refer to the date upon which the Court's Final Order and Judgment becomes "final."    For purposes of this Settlement Agreement, the Final Order and Judgment shall become "final":

1.    If no appeal is taken therefrom, then on the first day after the date on which the time to appeal the judgment expires;

2.    If an appeal is taken therefrom, then on the first day after the date on which all appeals, including petitions for re-hearing or re-argument, petitions for re-hearing en banc, petitions for review, petitions for allowance of appeal, and petitions for *certiorari* or any other form of review, have been finally disposed in a manner affirming the Final Order and Judgment; or

3.    On a date after the entry of the Final Order and Judgment to which counsel for the Settling Parties mutually agree in writing.

I.    **Lawsuit**.    "Lawsuit" shall mean the lawsuit entitled *Robertson, et al. v. Sea Pines Real Estate Companies, Inc., et al.* Case No. 9:10-cv-00095-SB.

J.    **Lead Counsel.**    "Lead Counsel" shall refer to the law firm of Goldman Scarlato Karon & Penny, P.C.

K.    **Plaintiff's Counsel**.    "Plaintiff's Counsel" shall refer to Lead Counsel as well as Thurmond Kirchner Timbes & Yelverton, P.A., Reinhardt Wendorf & Blanchfield, McGowan Hood and Felder LLC.

**L.**    **Plaintiffs**.  "Plaintiffs" shall mean Albert Robertson and Frances Robertson, William J. Garrity, III and Garrity Ventures, LLC, individually and as representatives of the Class.

**M.**    **Preliminary Approval Order**.  "Preliminary Approval Order" shall have the meaning set forth in Section VI. A below, and it shall be substantially in the form and substance of Exhibit 1.

**N.**    **Release**.  The "Release" shall refer to the release and covenant not to sue set forth in Section IV. below.

**O.**    **Released Defendants**.  The "Released Defendants" shall be (i) Sea Pines Real Estate Companies, Inc., a/k/a The Sea Pines Real Estate Co.; Coastal Homes and Land, Inc. a/k/a Coastal Homes & Land Realty; Collins Group Realty, Inc.; Engard Rental Company, LLC a/k/a Engard Real Estate Co.; Bruce A. Goff, Inc; Daufuskie Island Resort Realty, LLC; Searchlight Realty, Inc. a/k/a Searchlight Realty; Gateway Realty, LLC; Hilton Head Luxury Properties, Inc. a/k/a Prudential Premier Island Properties; Charter 1 Realty & Marketing; The William F. Hilton Company a/k/a William F. Hilton Realty; E.G. Robinson, III and Associates Realtors, Inc. a/k/a E.G. Robinson Real Estate; Gina Scott Realty; Julie Toon Pawley Real Estate Broker, Inc.; and CRG Properties, Inc. a/k/a Carolina Realty Group, Inc., (ii) any predecessors, successors, parents, subsidiaries, insurers, attorneys, or affiliates of these entities; (iii) any past, present or future officers, directors, employees, agents, brokers, representatives, shareholders, corporate parents, subsidiaries, or affiliates of any of the foregoing; (iv) any predecessors, successors, assigns, or persons acting on behalf of any of the foregoing; and (v) the Multiple Listing Service of Hilton Head Island, Inc., and its current and former agents, officers, employees, attorneys and Board of Trustees members and their companies, employees and affiliates.

**P.**    **Released Claims and Transactions**. "Released Claims and Transactions" shall have the meaning set forth in Section II. A. below.

**Q.**    **Settlement Agreement**. "Settlement Agreement" shall refer to this Agreement and the attached exhibits, which are an integral part of the Settlement Agreement and are incorporated herein in their entirety by reference.

**R.**    **Settlement Class Notice**. "Settlement Class Notice" shall mean the legal notice, to be approved by the Court and provided to potential Class Members as described in Section VI. A of the Settlment Agreement. It shall be substantially in the form and substance of Exhibit 2 hereto.

**S.**    **Settling Parties**. "Settling Parties" shall mean (a) Plaintiffs Albert Robertson and Frances Robertson, William J. Garrity, III and Garrity Ventures, LLC and (b) Defendants Sea Pines Real Estate Companies, Inc., a/k/a The Sea Pines Real Estate Co.; Coastal Homes and Land, Inc. a/k/a Coastal Homes & Land Realty; Collins Group Realty, Inc.; Engard Rental Company, LLC a/k/a Engard Real Estate Co.; Bruce A. Goff, Inc; Daufuskie Island Resort Realty, LLC; Searchlight Realty, Inc. a/k/a Searchlight Realty; Gateway Realty, LLC; Hilton Head Luxury Properties, Inc. a/k/a Prudential Premier Island Properties; Charter 1 Realty & Marketing; The William F. Hilton Company a/k/a William F. Hilton Realty; E.G. Robinson, III and Associates Realtors, Inc. a/k/a E.G. Robinson Real Estate; Gina Scott Realty; Julie Toon Pawley Real Estate Broker, Inc.; and CRG Properties, Inc. a/k/a Carolina Realty Group, Inc.

**T.**    **Claims Administration.** "Claims Administration" shall mean providing the notice, settlement checks and claim forms, analyzing data produced in this Lawsuit for purposes of providing the notice, settlement checks, and claim forms, creating and maintaining reasonably necessary computer databases, processing claim forms and opt outs, handling inquiries from

class members, preparing and providing reports upon reasonable request of Plaintiffs' or Defendants' Counsel, filing of all information and other tax returns necessary to report any taxable and/or net taxable income earned by the Settlement Amount, and any other reasonably necessary administrative actions.

II.     **RELEASES**

A.     **Release of Claims Against the Released Defendants**.  Effective upon the Final Settlement Date, Plaintiffs and all Class Members do hereby release, acquit, and forever discharge the Released Defendants from the Released Claims and Transactions, and Plaintiffs and all Class Members agree not to institute, maintain, or assert any claims against the Released Defendants based on the Released Claims and Transactions. The term "Released Claims and Transactions" shall mean any and all causes of action, claims, demands, liabilities, damages (compensatory, punitive or otherwise), equitable relief, legal relief, rights, and/or suits, of whatever nature or kind, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, or based on any statute, regulation or common law of any country, state, province, county, city or municipality, that have been, could have been, or may be alleged or asserted, now or in the future, by Plaintiff or any Class Member against the Released Defendants (or any of them), whether in the Lawsuit, or in any other action or proceeding in or before any court, administrative body, tribunal, arbitrator, arbitration panel or any other forum, on the basis of, connected with, arising out of, or related, in whole or in part, to:

> 1.     any or all of the acts, omissions, facts, matters, or representations that were alleged, asserted, described, set forth, related or referred to in the Lawsuit; and/or

          2.      any or all acts, omissions, facts, matters, transactions, occurrences or representations relating to the matters covered by this Settlement Agreement.

Nothing in this release should be construed to release existing or future claims between Plaintiff or any Class Member and any Released Defendant(s) that do not arise out of or relate to the Released Claims and Transactions.

**B.**    **Release of Claims Against Plaintiffs, Plaintiffs' Counsel and the Class.**

Effective upon the Final Settlement Date, the Released Defendants and the other Released Parties will release as against Plaintiffs, Plaintiffs' Counsel, and any other Class Member, and all of their respective related or affiliated persons or entities of all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of this action or any of the claims that were asserted therein, except for claims relating to the enforcement of the Settlement.

Effective upon the Final Settlement Date, Plaintiffs, Plaintiffs' Counsel, and any other Class Member will release as against the Released Defendants, Defendants' Counsel, and all of their respective related or affiliated persons or entities all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the defense or settlement of this action or any of the claims that were asserted therein, except for claims relating to the enforcement of the Settlement.

Furthermore, no person shall have any claim against Class Counsel, any claims administrator, Defendants or Defendants' Counsel based on distributions made substantially in

A-6

accordance with the Settlement Agreement, the Plan of the plan of allocation of the settlement funds, or further Court Orders.



APPENDIX "B":

OPT-OUT LIST

